## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DENISE RITA ADAMS**                                   **CIVIL ACTION**

**VERSUS**                                                      **NO: 19-12282**

**ANDREW SAUL,**                                      **SECTION: T(5)**
**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION**

## ORDER

Pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the "Act"), Denise Rita Adams ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), finding Plaintiff was not disabled within the meaning of the Act. Plaintiff requests the Court reverse and remand this case for further administrative proceedings under 42 U.S.C. § 405(g).[1] Plaintiff contends that the Administrative Law Judge ("ALJ") failed to consider Plaintiff's inability to perform work on a regular and sustained basis due to frequent hospitalizations and medical treatment and made significant legal errors evaluating the medical opinions of record.

On February 24, 2017, Plaintiff filed an application for Disability Insurance Benefits ("DIB"). On August 3, 2018, the Plaintiff received a hearing before an ALJ where Plaintiff and a vocational expert testified. On November 14, 2018, the ALJ issued a decision denying Plaintiff's application for DIB. The Appeals Council then denied a request for review, finding that there was no reasonable probability that newly submitted evidence would have changed the ALJ's decision. On August 23, 2019, Plaintiff initiated this action requesting judicial review under 42 U.S.C. §

---

[1] R. Doc. 15-1, p.9.

405(g). On February 4, 2020, Plaintiff filed a motion for summary judgment.[2] On April 6, 2020, the Social Security Administration filed a cross motion for summary judgment.[3]

On September 1, 2020, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary judgment be granted, and that Plaintiff's suit be dismissed with prejudice.[4] The Magistrate Judge determined that Plaintiff failed to establish the factual predicate required by Fifth Circuit precedent to necessitate a separate, "extra" finding regarding her ability to maintain employment. Additionally, the Magistrate Judge noted that the ALJ properly made a separate, specific finding regarding Plaintiff's ability to maintain employment. The Magistrate Judge further rejected Plaintiff's contention that the ALJ ignored medical evidence and determined that the ALJ properly considered the medical evidence presented. Finally, the Magistrate Judge found that the purportedly new evidence relied upon by Plaintiff does not warrant a remand because the evidence was not technically new. Plaintiff has timely filed objections to the Magistrate Judge's Report and Recommendation.[5]

Having carefully considered the administrative record, the applicable law, the motions for summary judgment, the Magistrate Judge's Report and Recommendation, and the Plaintiff's Objections to Magistrate's Report and Recommendation, the Court **OVERRULES** Plaintiff's objections, **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** the Report as the Court's opinion herein.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**, and that the Report and

---

[2] R. Doc. 15.
[3] R. Doc. 19.
[4] R. Doc. 20.
[5] R. Doc. 21.

Recommendation is **ADOPTED** as the Court's opinion. **IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is **DENIED**, that Defendant's motion for summary judgment is **GRANTED**. **IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

**New Orleans, Louisiana**, on this 15th day of September, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**